UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER NELSON-DEVLIN, et al., | No. 2:14-cv-02811-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

Attorneys Michael Baum and R. Brent Wisner ("plaintiffs' counsel"), of the law firm Baum Hedlund Aristei & Goldman, P.C., move to withdraw as counsel of record for plaintiffs Alfonso Racacho, Jr. ECF No. 69, Raccheli Ann Austin and Jack Lane Smalley, ECF No. 73. The motions are unopposed. ECF Nos. 71, 74. On November 29, 2018, the court submitted the motions without oral argument pursuant to Local Rule 230(g). ECF No. 85. For the following reasons, the court GRANTS the motions to withdraw.

I.     LEGAL STANDARD

If withdrawal would leave a client *in propria persona*, Local Rule 182(d) requires the withdrawing party to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the efforts

1

made to notify the client of the motion to withdraw. *Id.* Withdrawal must also comply with the Rules of Professional Conduct of the State Bar of California. *Id.* Rule of Professional Conduct 3–700(A)(2) requires an attorney to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3–700(D), and complying with applicable laws and rules." The Rules permit withdrawal if, as relevant here, the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." *Id.* 3–700(C)(1)(d).

Whether to grant a motion to withdraw is within the court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

II. DISCUSSION

Here, plaintiffs' counsel have established good cause for withdrawal, and have complied with the applicable local rules and rules of professional conduct. They seek to withdraw because "[i]rreconcilable differences have arisen between client and counsel which make it unreasonably difficult for counsel to carry out their employment effectively." ECF Nos. 69 ¶ 1 & 73 ¶ 1. Further, "the relationship of trust and confidence essential to the attorney-client relationship cease[s] to exist." Wisner Affs., ECF Nos. 69-1 ¶ 1 & 73-1, ¶ 1. This is a valid basis for withdrawal under California Rule of Professional Conduct 3-700(C)(1)(d).

The court is also satisfied that counsel's withdrawal complies with California Rule of Professional Conduct 3–700(A)(2), which requires that the withdrawing attorney "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Plaintiffs Racacho, Austin and Smalley have had sufficient time to hire new counsel and withdrawal will not delay the case or affect any upcoming deadlines. At least 30 days prior to filing these motions, movants made efforts to contact plaintiffs and inform them of counsel's desire to

withdraw. Wisner Affs. ECF Nos. 69-1 ¶ 2 & 73-1 ¶ 2. Although these efforts revealed that Racacho had moved to a new address, counsel avers he still obtained a return receipt of prior correspondence mailed to Racacho at his last-known address, supporting the conclusion that Racacho received counsel's communications prior to the filing of the motion here. Wisner Aff., ECF No. 69-1, ¶¶ 3, 5; *see also Stache v. Int'l Union of Bricklayers & Allied Craftsmen*, AFL-CIO, 852 F.2d 1231, 1234 n.2 (9th Cir. 1988) ("Under federal law . . ., the correct addressing, posting, and mailing of a letter creates a presumption that the letter was received by the intended party."). On November 2, 2018, upon obtaining a new address, counsel sent Racacho, via certified mail, a copy of this motion and all supporting documents to that new address. Wisner Aff., ECF No. 69-1, ¶¶ 4, 6. Similarly, recent efforts to contact plaintiffs Austin and Smalley revealed only a current phone number; however, counsel avers these two plaintiffs did receive prior correspondence as confirmed by U.S. Mail return receipt and Federal Express confirmation. Wisner Aff., ECF No. 73-1, ¶¶ 2, 4. On November 6, 2018, after confirming their updated addresses, a copy of this motion and all supporting documents were mailed to Austin and Smalley via certified mail. *Id.* ¶ 5. There is no indication in the record that plaintiffs Racacho, Austin or Smalley have attempted to reciprocate in communicating with counsel, and no plaintiff has opposed the pending motion despite receiving a copy of it. The court finds no reason to doubt the representations of plaintiffs' counsel.

Additionally, withdrawal will not prejudice the remaining parties. This action, ongoing since 2014, is one of numerous actions involving the antidepressant Cymbalta in which a comprehensive settlement framework has been established for each claimant to receive an individual settlement evaluation by a Special Master. *See* Joint Status Rep., ECF No. 63, at 1. Each remaining plaintiff here has undergone a settlement evaluation, yet their individual claims remain unresolved due to a breakdown in the attorney-client relationship. *Id.*; ECF Nos. 69, 73. The majority of plaintiffs in this action have either been transferred to the Southern District of Indiana, *see* Transfer Order, ECF No. 30, or have mutually agreed to dismiss their claims, *see* Stipulations to Dismiss, ECF Nos. 62, 79. No pending deadlines or hearings remain. For these reasons, the court has no reason to believe withdrawal will prejudice any remaining party.

Finally, plaintiffs' counsel have satisfied Local Rule 182(d) by notifying Racacho, Austin and Smalley of the pending motions to withdraw and have provided the court with these plaintiffs' current addresses in Mr. Wisner's affidavits. Wisner Affs., ECF No. 69-1, ¶ 4 & ECF No. 73-1, ¶ 3.

III. <u>CONCLUSION</u>

The court GRANTS the motions to withdraw, ECF Nos. 69, 73. Counsel Michael Baum and R. Brent Wisner are ORDERED to serve plaintiffs Alfonso Racacho, Jr., Raccheli Ann Austin and Jack Lane Smalley with a copy of this order and file proof of service with the court within seven (7) days. Plaintiffs' counsel must comply with all obligations under California Rules of Professional Conduct Rule 3–700(D) regarding release of a client's papers and property and return of unearned fees, and must also file proof of compliance with the court within seven (7) days.

Plaintiffs Racacho, Austin and Smalley will now proceed *pro se*. The Clerk of the Court shall reflect this on the court's docket and update each plaintiff's address as provided in the affidavits of R. Brent Wisner referenced above. As all remaining plaintiffs are now proceeding *pro se*, this case is referred to the assigned magistrate judge for future proceedings under Local Rule 302(c)(21), including the setting of any in-person status conferences as requested by the parties.

IT IS SO ORDERED.

DATED: December 13, 2018.

_____
UNITED STATES DISTRICT JUDGE